RICHARDSON *v.* GILSON.                { Aug. 12,
                                          1875.

*Deceit—Evidence.*
</div>

The plaintiff alleged that he delivered to the defendant his mare and seventy-five dollars in money, in exchange for the defendant's horse then delivered to him ; that afterwards, in consequence of certain false and fraudulent representations in regard to the condition and conduct of the mare made by the defendant to the plaintiff, the defendant knowing them to be false and fraudulent, the plaintiff was induced to pay the defendant the sum of forty dollars, in settlement of the defendant's pretended claim. The defendant admitted that the plaintiff paid him the sum of forty dollars, but contended that it was paid in settlement of the fraudulent representations made by the plaintiff to the defendant at the time of the exchange, and offered to show what the contract was at the time of the exchange ; but the evidence was excluded. *Held,* that the evidence was admissible.

The defendant offered to show that the mare in question had been subject to fits previous to the exchange ; that a horse subject to fits, as this was, is diseased, and that the disease continues; and that when the plaintiff purchased her he was informed that she was subject to fits, and what she would do when she had them; but the evidence was excluded. *Held,* that the evidence was admissible.

The plaintiff was allowed to show that, on the day he paid said sum of forty dollars, the defendant said—but not in the presence or hearing of the plaintiff—that he had put the mare off; that he had been damaged to the amount of one hundred dollars, and had been obliged to settle, and that he wanted a part of the recompense of the plaintiff;—also, that when the writ was served, he said he had traded the mare to a man who took his wife and child to ride ; that the mare ran away, broke the carriage, and hurt herself and the people. *Held,* that the evidence was admissible as tending to contradict the defendant.

The court instructed the jury that if the defendant made the representations as alleged in the writ, that if the plaintiff relied on them as true and paid his money on the strength of them, and that if they were false,

and the defendant at the time knew them to be false, the plaintiff was entitled to recover. *Held*, that the instructions were correct.

CASE, to recover the sum of forty dollars and interest. The declaration is as follows: "In a plea of trespass on the case, for that whereas the plaintiff and defendant had, at said Chesterfield, heretofore, to wit, on the twenty-fifth day of May, 1874, exchanged horses, and in said exchange the plaintiff had paid to the defendant a large sum of money, to wit, $75, and delivered to him his dark bay mare in exchange for the horse of the defendant, the defendant thereafterwards, at said Swanzey, to wit, on the tenth day of June, 1874, to induce the plaintiff to pay him a large sum of money, falsely and fraudulently represented to the plaintiff that the said mare, having been sold by the defendant to another party, had, on the fifth day of June, 1874, a dizzy spell, while drawing her owner and his wife and child in a carriage, and had been sick, and misbehaved, and broken and done great damage to the harness and carriage, and had greatly injured herself; that in settlement thereof he had been compelled to pay, and had paid, a large sum of money, amounting to nearly one hundred dollars, and that the mare was really of much less value when exchanged as above than she had been called and valued at the time, and that the plaintiff was in justice and law bound to bear a large portion of such loss and expense,—by which false and fraudulent representations the plaintiff was induced to pay, and did pay, to the defendant the sum of fifty dollars, in settlement of the defendant's claim as above;—whereas, the said statements of the defendant were false and fraudulent, and well known at the time to be so by him, and said mare had not misbehaved as above, nor had the defendant paid said sum; and so the defendant has deceived and defrauded the plaintiff, and thereby caused loss and damage to him, to wit, the sum of one hundred and fifty dollars." The plea was the general issue. The defendant claimed that the forty dollars paid him by the plaintiff was not on account of anything alleged in the writ, but was on account of deceit of the plaintiff in trading him a horse subject to dizzy spells, and that the horse when having such spells would run away, and that the horse was so affected that it was of no value; and that after he learned that the horse had this infirmity, he went to the plaintiff, and settled for said deceit. The plaintiff introduced evidence tending to prove all the substantial allegations in the writ. The defendant then offered to prove what the contract was between the parties at the time of the exchange, in order that it might appear whether the defendant acted in good faith in his talk and representations when he obtained the forty dollars, and also to ascertain whether the horse was subject to fits or dizzy spells. Objection being made by the plaintiff, the court ruled that it was inadmissible, and the defendant excepted. The defendant also offered to prove " that a horse subject to fits or dizzy spells is diseased, and that it continues, and did in this case; and that the horse in question had been subject to fits for nearly three years previous to the exchange." Objection being made by the plaintiff, the

court ruled that it was incompetent, and the defendant excepted.  The defendant also offered to show that, at the time the plaintiff purchased the horse in question, he was informed that the horse was subject to fits, and what she would do when she had them; but the plaintiff objecting, the court excluded the evidence, and the defendant excepted. Subject to the defendant's exception, the plaintiff was allowed to prove that, on the day when the forty dollars was paid by the plaintiff to the defendant, the defendant said—not in the presence or hearing of the plaintiff—that he had put the mare off to a friend of his, and that he had been damaged to the amount of one hundred dollars; that he had been obliged to settle, and he wanted a part of the recompense of Richardson; that, on the day when the writ was served, the defendant said he had traded off the mare to a man in Brattleboro'; that the man took his wife and child to ride; that the horse had run away, broken the carriage, hurt herself, and hurt the people.  The defendant introduced evidence denying that the statements contained in the declaration were ever made, and tending to contradict the evidence on the part of the plaintiff.  After the evidence was closed, the defendant requested the court to direct a verdict for the defendant, upon the ground that the allegations of the writ, if proved, would not authorize the plaintiff to maintain this action; but the court denied the motion, and the defendant excepted.

The defendant's counsel then requested the court to instruct the jury (1) that the defendant must have represented to the plaintiff some matter or thing which, if true, would have made the plaintiff liable; and as nothing of the kind was represented, the defendant is not liable.  (2) That the matters contained in the allegations in the writ are frivolous, and not material, because nothing was represented affecting the plaintiff's liability.

The court declined to give the above instructions, as requested, but did instruct the jury, among other things, that, if the defendant made the representations substantially as alleged in the writ,—that if the plaintiff relied upon them as true and paid his money on the strength of them, and would not have paid it but for the representations,—that if they were false, and the defendant, at the time he made them, knew them to be false,—the defendant was liable, and the plaintiff was entitled to recover back the forty dollars which he had paid the defendant, with interest thereon from the date of the writ.  The jury having returned a verdict for the plaintiff, the defendant moved to set the same aside, and for a new trial, for supposed error in the foregoing rulings and instructions.

The questions arising on the foregoing case were transferred to the superior court, by STANLEY, J.

SMITH, J.  The plaintiff alleged, in his declaration, that on the 25th of May, 1874, he delivered to the defendant his mare and seventy-five dollars in money, in exchange for the defendant's horse then delivered by him to the plaintiff; that afterwards, in consequence of certain false and fraudulent representations in regard to the health or condition and

behavior of the mare, made by the defendant to the plaintiff, and which the defendant at the time of making them knew to be false and fraudulent, the plaintiff was induced to pay, and did pay, to the defendant the sum of forty dollars in settlement of the claim which the defendant thus pretended to have against the plaintiff. The question for the jury was, whether the defendant made such representations, and if so, whether they were true or false. The defendant admitted that the plaintiff paid him the sum of forty dollars as alleged, but claimed it was in settlement for the deceit practised by the plaintiff in trading him an unsound mare at the time the parties exchanged horses.

The report of the case shows that the evidence introduced by the plaintiff tended to prove the matters alleged in the declaration, and that the evidence introduced by the defendant denied that the statements contained in the declaration were ever made, and tended to contradict the evidence on the part of the plaintiff. It was certainly competent for the defendant to satisfy the jury, if he could, that the forty dollars was paid to him to settle for the deceit practised upon him by the plaintiff in the exchange of horses, and it was of course incumbent on him to show that there was such deceit practised upon him ; and how else could he show it, except by showing what that contract was ? The defendant very forcibly says, in his brief, " there was no other way to prove it." If, at the time of the exchange, the plaintiff knowingly made false representations to the defendant in regard to the soundness of his mare, in consequence of which the defendant was induced to make the exchange, and subsequently, upon discovering the deception, the defendant made a claim upon the plaintiff therefor, which the plaintiff chose to settle by the payment of forty dollars, I can conceive of no ground upon which such testimony could be excluded. To confine the defendant to the introduction of evidence negativing the allegations in the declaration, would leave him with forty dollars of the plaintiff's money in his hands without the opportunity of explaining for what purpose it was paid to him. Indeed, the plaintiff's counsel, in their argument, concede that the defendant must prevail, if he can show that the forty dollars was paid, not in consequence of the misrepresentations set out in the writ, but in settlement of another matter between the parties. The case finds that the defendant offered to prove what the contract was between the parties at the time of the exchange, in order that it might appear whether he acted in good faith in his representations when he obtained the forty dollars, and also to ascertain whether the horse was subject to fits or dizzy spells. From this, I understand the defendant claimed, that, if he was permitted to show what the original contract was, it would appear that at the time of the exchange the mare was unsound, and that in the trade that fact was fraudulently concealed from him by the plaintiff; and that upon showing this, with the other evidence as to what took place between the parties when the forty dollars was paid to him, he would be entitled to claim a verdict from the jury. The plaintiff's counsel say " the court did not reject evidence to show that this money was paid on any other

account than that stated in the declaration ; but they did reject evidence tending to establish another wrong than the one described in the declaration, and which had no direct bearing upon the issue to be tried." If the money was paid on any other account than that stated in the declaration, it would most likely be for some wrong which the defendant had suffered, or claimed to have suffered, from the plaintiff, and which the defendant ought to have been permitted to show.   If the defendant had merely undertaken to deny that the representations made by him to the plaintiff, June 10, 1874, were untrue, or, if the only question had been, whether he made any such representations as the plaintiff alleged, it would then be wholly immaterial what the contract between the parties at the time of the exchange of horses was ; but the defendant's position covered not only a denial of the allegations of the plaintiff (except the payment of the forty dollars), but also included the claim that this sum was paid to him for a wrong received by him from the plaintiff at the time of the exchange ; and it seems to me too clear for argument that the exclusion of the testimony he offered as to what that original contract was, deprived him of the only means he had of showing that the money was paid to him for the reason he claims it was, or, in other words, prevented his making the defence which it is admitted he had a right to make.

The offer to prove that a horse subject to fits or dizzy spells, is unsound, and that the horse in question had been subject to such fits for three years, and that the plaintiff knew it, was competent, as bearing on the question of deceit, in whatever representations the plaintiff made in that respect at the time of the exchange.

The defendant's statements made on the day be received the forty dollars, not in the presence or hearing of the plaintiff, were admissible, as tending to contradict him.   They would not, however, be admissible upon any other ground, because, not being made in the presence of the plaintiff, he was not thereby induced to pay out his money.

The defendant's request that a verdict should be ordered for him was properly denied.   The instructions given to the jury were correct, and cover the whole ground ; and if the allegations in the declaration are proved to their satisfaction, the plaintiff is entitled to recover. But for error in excluding testimony offered by the defendant, the verdict must be aside.

CUSHING, C. J.   The defendant's case was, that the money which the plaintiff had paid him was by way of settlement for damage sustained by deceit practised upon him by the plaintiff in the exchange of horses, and not for the causes alleged in the declaration.   This was a legitimate and logical defence.   If the defendant could show that the money was paid for the reason asserted by him, that would tend strongly to show that it was not paid as the plaintiff alleged.

The evidence offered by the defendant and excluded by the court was all necessary and proper for the purpose of establishing this defence.   It may be true that, if the defendant made any false repre-

sentations knowing them to be false, and the plaintiff was induced by those representations to pay money, it would be immaterial whether or not the plaintiff was liable to pay something to the defendant for his deceit in the trade; but, in determining whether or not the plaintiff had been induced to pay by false representations, it was certainly material to show, if it could be shown, that there was a just cause of action for which he might properly have paid.

I see no just cause of complaint in the instructions to the jury, but, for the reasons above, I think the verdict cannot stand.

LADD, J., concurred.

*Verdict set aside.*

---

## ERRATA.

Page 119, sixteenth line from top, for " B.'s," read *G.'s*.

Page 139, before " LADD, J.," insert names of counsel as follows:

*T. J. Whipple*, for the plaintiff.

*Pike & Blodgett* and *E. B. S. Sanborn*, for the defendant.

Page 143, fourth line from top, for " 1877," read *1867*.

Page 211, seventh line from top, for " 1738," read *1838*.

Page 440, ninth line from bottom, strike out " con-".

Page 443, head line, for "Attorney's writs—Practice," read *Attorneys— Writs— Practice*.

Page 529, eighth line from bottom, for " communication," read *commination*.